**EMERGENCY**

# UNITED STATES DISTRICT COURT
for the
Eastern District of VIRGINIA

Manassas, VA Division



FILED
APR - 7 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Mariano Diaz-Bonilla and ROES 1-11

*Plaintiff(s)*

-v-

Governor Ralph Northam,
Attorney General of Virginia, Mark Herring
Commonwealth of Virginia, and DOES 1-10

*Defendant(s)*

Case No. 1:20CV377 AJT/IDD
*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I. The Parties to This Complaint

    A. The Plaintiff(s)

| | |
|---|---|
| Name | Mariano Diaz-Bonilla |
| Street Address | 9924 Browns Mill Road |
| City and County | Vienna, County of Fairfax |
| State and Zip Code | Virginia, 22182 |
| Telephone Number | (703) 989-7019 |
| E-mail Address | mdiazbonilla@gmail.com |
| Roes #1-11 children) | Immediate family members (Plaintiff's wife and 10 |

1

# EMERGENCY

**B.   The Defendant(s)**

Defendant No. 1

| | |
|---|---|
| Name | Governor Ralph S. Northam |
| Job or Title *(if known)* | Governor, Commonwealth of Virginia |
| Street Address | Executive Mansion, Capitol Square, 1111 East Broad Street |
| City and County | Richmond |
| State and Zip Code | Virginia 23219 |
| Telephone Number | (804) 786-2211 |

Defendant No. 2

| | |
|---|---|
| Name | Attorney General of the Commonwealth of Virginia |
| Job or Title *(if known)* | Virginia Attorney General Mark Herring |
| Street Address | 202 North Ninth Street |
| City and County | Richmond |
| State and Zip Code | VIRGINIA 23219 |
| Telephone Number | (804) 786-2071 |

Defendant No. 3

| | |
|---|---|
| Name | The Commonwealth of Virginia |

Defendant No. 4

| | |
|---|---|
| DOES 1-10 unknown | Additional Defendants, the names and identities |

# EMERGENCY

## II. Basis for Jurisdiction – Federal question

What is the basis for federal court jurisdiction? *(check all that apply)*

    X   Federal question        ☐ Diversity of citizenship

(1) 42 U.S.C. § 1983 allows Plaintiffs to sue state or local officials for the deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws.

(2) Plaintiffs' 1st Amendment United States Constitutional right to freely exercise their religion has been violated by Defendants, including but not limited to the Governor of the Commonwealth of Virginia's 2020 Executive Order Number fifty-five Temporary Stay at Home Order Due to Novel Coronavirus (COVID-19) ("2020 E.O") by failing to classify clergy and religious services as "essential," and thus conflicting with current guidelines promulgated by the Federal Department of Homeland Security ("DHS") and its Cybersecurity and Infrastructure Security Agency ("CISA"), which are publicly available at https://www.cisa.gov/publication/guidance-essential-critical-infrastructure-workforce ("DHS-CSIA Guidelines").

(3) Plaintiffs' 1st Amendment United States Constitutional rights, including but not limited to those protected by the Establishment Clause, have been violated by Defendants, including but not limited to the Governor of the Commonwealth of Virginia's 2020 E.O., by failing to classify clergy and religious services as "essential" in line with the current Federal DHS-CISA Guidelines, and in doing so has given preference to individuals who hold no religious beliefs or whose religious beliefs are not integrally tied to the presence and involvement of clergy (for example, presiding over sacraments, etc.).

(4) Defendants, through 2020 E.O., have discriminated against Plaintiffs, a nuclear family of twelve persons, due to the ten-person restriction on exercising religious rituals on Plaintiffs' privately owned property under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc, et sec., which protects individuals from substantial burdens on religious exercise (42 U.S.C.§2000cc(a), protection against total exclusion of religious assemblies (42 U.S.C. §2000(b)(3)(A), and protects against the unreasonable limitation of religious assemblies (42 U.S.C.§2000(b)(3)(B).

(5) The foregoing constitute Defendants' unlawful deprivation of Plaintiffs' rights, privileges, or immunities secured by the Constitution and federal laws, including but not limited to 42 U.S.C. § 1983; they constitute impermissible limitations on Plaintiffs' freedom to assemble, exercise their religion, attend daily Mass, and pursue liberty and happiness. They constitute unlawful discrimination against Plaintiffs due to their sincerely held religious convictions, beliefs and practices, which are dependent on the daily presence of clergy and ability to congregate and worship (which congregation can still occur while also maintaining proper social distancing and health measures, if circumstances require it).

# EMERGENCY

## II. Statement of Claim

On March 23, 2020, the Governor of the Commonwealth of Virginia executed Executive Order Number fifty-five Temporary Stay at Home Order Due to Novel Coronavirus (COVID-19) ("2020 E.O") which failed to properly classify clergy as "essential." The 2020 E.O. is in conflict with current guidelines promulgated by the Federal Department of Homeland Security ("DHS") and its Cybersecurity and Infrastructure Security Agency ("CISA"), which are publicly available at https://www.cisa.gov/publication/guidance-essential-critical-infrastructure-workforce ("DHS-CSIA Guidelines"), and which recognize clergy as essential. The 2020 E.O. further restricts non-essential services to 10 or fewer people at any one gathering

Defendants, including but not limited to the enactment of 2020 E.O., have violated Plaintiffs' ability to exercise their First Amendment rights and use their private property for religious services presided over by ordained clergy. While all places of worship in Virginia are shut down, Virginia residents can still visit liquor stores, garden centers, restaurants delivering fast food, and donut shops, all of which have been classified as "essential" under the Governor's order, both stripping Plaintiffs' of their First Amendment rights and Federal statutory protections and giving preference to individuals and businesses with no religious affinity or beliefs.

Since the order on March 23, 2020, Plaintiffs' nuclear family of twelve persons, which includes Plaintiff Diaz-Bonillas' wife and ten biological children all residing in the same home in Vienna, Virginia, is not able to attend daily religious services at the family's regular place of worship together, nor can the family invite clergy and worshippers to convene on their private property to practice their faith, despite willingness and ability to respect and abide by all necessary health measures.

## IV. Irreparable Injury

As Roman Catholics, Plaintiffs seek and are entitled to receive the Sacraments of their church on a daily basis. Especially during a challenging time, Plaintiffs rely on prayer to God and access to the Sacraments for grace. Plaintiffs' rights as practicing Christians will be irreparably harmed if they are prevented from celebrating the Easter worship services, starting with Good Friday services on April 10, 2020. Money damages cannot replace the free exercise of religion, especially during Holy Week and Easter.

# EMERGENCY

## V. Prayer for Relief

I ask the Court to (1) enjoin the Governor of the Commonwealth from classifying clergy and religious services as "non-essential"; (2) enjoin the Governor of the Commonwealth issuing future orders which violate Plaintiffs' 1st Amendment rights (to "free expression" and under the Establishment Clause) by classifying clergy and/or religious services as non-essential; and (3) enjoin the Governor from limiting Plaintiffs' ability to hold religious services without restriction on their private property. Plaintiffs ask that the Commonwealth of Virginia reimburse Plaintiffs for any and all legal fees and costs associated with this complaint and injunction, to award damages and costs consistent with proof, and any other relief the Court deems appropriate.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 7, 2020

Signature of Plaintiff

Printed Name of Plaintiff   Mariano A. Diaz-Bonilla

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

_MARIANO DIAZ-BONILLA AND POES 1-11_
Plaintiff(s),

v.

_Governor Ralph Northam & Attorney General of Virginia, Mark Herring_
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _Complaint and Request for Injunction_.
(Title of Document)

_MARIANO DIAZ-BONILLA_
Name of Pro Se Party (Print or Type)

_[signature]_
Signature of Pro Se Party

Executed on: _4/7/2020_ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)